E-FILED
Tuesday, 07 August, 2018  04:06:49 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. _____ |
| POWELL'S PRIDE III, LLC; RICHARD POWELL; CANDACE MAAS and BRANDON MAAS, | ) ) ) ) | |
| Defendants. | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff FRANKENMUTH MUTUAL INSURANCE COMPANY ("Frankenmuth"), by

its undersigned attorneys and pursuant to 28 U.S.C. § 2201, seeks a declaratory judgment and other

relief against Defendants, POWELL'S PRIDE III, LLC ("Powell's Pride"), RICHARD POWELL

("Richard Powell"), CANDACE MAAS ("Candace Maas") and BRANDON MAAS ("Brandon

Maas").  In support of its Complaint, Frankenmuth states as follows:

### NATURE OF THE ACTION

1.     This Complaint requests the Court to issue a judgment pursuant to 28 U.S.C. §

2201, declaring that the policy of insurance issued by Frankenmuth to Powell's Pride does not

require Frankenmuth to defend or indemnify Powell's Pride or Richard Powell in connection with

an underlying lawsuit entitled *Candace Maas, individually and as mother and next friend of*

*Brandon Maas v. Powell's Pride III, LLC and Richard Powell,* Case No. 2018-L-31, Circuit Court

of the Eighth Judicial Circuit of the State of Illinois, Adams County (the "*Maas* suit").  This

judgment is requested to determine an actual controversy between the parties regarding insurance

1

coverage in connection with the claims asserted against Powell's Pride and Richard Powell in the *Maas* suit.

## **THE PARTIES**

2.      Frankenmuth Mutual Insurance Company is a Michigan corporation with its principal place of business in Michigan.  Frankenmuth is engaged in the business of selling insurance, including in Illinois.

3.      Defendant Powell's Pride is and at all relevant times was a Limited Liability Company with its principal place of business in Illinois.

4.      Defendant Richard Powell is and was at all relevant times a citizen of Illinois residing in Adams County, Illinois.

5.      Defendant Candace Maas, individually, as mother and next friend of Brandon Maas, is and was at all relevant times a citizen of Illinois residing in Adams County, Illinois. Candace Mass is one of the plaintiffs in the *Maas* suit and is named as a defendant to this action solely because she may be a necessary party to the insurance dispute between Frankenmuth, Powell's Pride and Richard Powell as a result of the *Maas* suit.  Frankenmuth seeks no relief from Candace Maas other than to bind her to the outcome of this coverage dispute.

6.      Defendant Brandon Maas is and was at all relevant times a citizen of Illinois residing in Adams County, Illinois.  Brandon Maas, through his mother and next friend, Candace Maas, is one of the plaintiffs in the *Maas* suit and is named as a defendant to this action solely because he may be a necessary party to the insurance dispute between Frankenmuth, Powell's Pride and Richard Powell as a result of the *Maas* suit.  Frankenmuth seeks no relief from Brandon Maas other than to bind him to the outcome of this coverage dispute.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 in that it arises between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE UNDERLYING LAWSUIT

9.     On June 13, 2018, Candace Maas, individually, and as mother and next friend of Brandon Maas, filed a Complaint (the "*Maas* Complaint") against Powell's Pride and Richard Powell.  The *Maas* Complaint asserts four causes of action: (Count I) Brandon Maas' Personal Injuries/Negligence of Powell's Pride; (Count II) Brandon Maas' Medical Expenses/Negligence of Powell's Pride; (Count III) Brandon Maas' Personal Injuries/Negligence of Richard Powell; and (Count IV) Brandon Maas' Medical Expenses/Negligence of Richard Powell.  (A copy of Maas' Complaint is attached as Exhibit A.)

10.     The *Maas* Complaint alleges that Powell's Pride and/or Richard Powell were the owners and/or occupiers of real property at or near 1310 Washington Street in Quincy, Adams County, Illinois (the "Property") at all relevant times.  (Ex. A at ¶4).

11.     The *Maas* Complaint alleges that Brandon Maas was an employee and/or servant of Powell's Pride and/or Richard Powell doing construction and/or demolition work at all relevant times.  (Ex. A at ¶5).

12.     The *Maas* Complaint alleges that on July 28, 2017, Brandon Maas sustained serious and permanent personal injuries while working at the Property when he fell 22 feet through a hole during his construction and/or demolition work. (Ex. A at ¶6).

3

13.     The *Maas* Complaint alleges that Brandon Maas' injuries were a direct and proximate result of one or more negligent acts and/or omissions of Powell's Pride.  (Ex. A at ¶10).

14.     The *Maas* Complaint alleges that Brandon Maas' injuries were a direct and proximate result of one or more negligent acts and/or omissions of Richard Powell.  (Ex. A at ¶16).

15.     The *Maas* Complaint alleges that pursuant to the Medical Expense Act, 750 ILCS 65/15, Candace Maas incurred medical expenses to alleviate Brandon Maas' physical problems.  (Ex. A at ¶¶12 and 18).

16.     The *Maas* Complaint seeks compensatory damages from Powell's Pride in excess of $50,000 (Count I) and medical expenses of $82,209.05 (Count II).  (Ex. A at p. 3)

17.     The *Maas* Complaint seeks compensatory damages from Richard Powell in excess of $50,000 (Count III) and medical expenses of $82,209.05 (Count IV).  (Ex. A at p. 5).

## THE FRANKENMUTH POLICY ISSUED TO POWELL'S PRIDE

18.     Frankenmuth issued a Commercial General Liability Policy, no. CPP 6325939, to Powell's Pride III, LLC (the "Policy").  The Policy was effective from July 24, 2016 through July 24, 2017 and provides a $1 million "each occurrence" limit of liability, a $2 million general aggregate limit, and a $5,000 medical expense limit for "any one person."  (A copy of the Policy is attached as Exhibit B.)

19.     The Policy's COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY ("Coverage A") provides coverage for "bodily injury" caused by an "occurrence" as defined by the Policy.  (Ex. B at FMIC_000081).

20.     The Policy defines "bodily injury" to mean "bodily injury, sickness or disease."  (Ex. B at FMIC_000094).

4

21.    The Policy defines an "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."    (Ex. B at FMIC_000096).

22.    Coverage A is subject to an exclusion for the insured's liability under any workers' compensation, disability benefits or unemployment compensation law.   The Policy excludes coverage for:

> **d.    Workers' Compensation and Similar Laws**
>
> > Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

(Ex. B at FMIC_000082).

23.    Coverage A is subject to an exclusion for the insured's liability to any employee arising out of and in the course of employment by the insured.  The Policy excludes coverage for:

> **e.    Employer's Liability**
>
> > "Bodily injury" to:
> >
> > (1)    An "employee" of the insured arising out of and in the course of:
> >
> > > a.  Employment by the insured; or
> > >
> > > b.  Performing the duties related to the conduct of the insured's business; or
> >
> > (2)    The spouse, child, parent, brother or sister of that "employee" as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
> >
> > This exclusion does not apply to liability assumed by the insured under an "insured contract."

(Ex. B at FMIC_000082).

24.     The Policy's COVERAGE C – MEDICAL PAYMENTS ("Coverage C") provides coverage for medical expenses for "bodily injury" caused by an accident on premises owned by the Named Insured, or because of the Named Insured's operations, regardless of fault, but these payments will not exceed the applicable limit of insurance.  (Ex. B at FMIC_000088).

25.     Coverage C is subject to an exclusion for expenses for "bodily injury" to any person hired to do work for or on behalf of any insured.  The Policy excludes coverage for expenses for "bodily injury":

> **b.     Hired Person**
>
>> To a person hired to do work for or on behalf of any insured or a tenant of any insured.

(Ex. B at FMIC_000088).

26.     Coverage C is subject to an exclusion for expenses for "bodily injury" to any person if benefits for the "bodily injury" are payable or must be provided under a workers' compensation, disability benefits or similar law.  The Policy excludes coverage for expenses for "bodily injury":

> **d.     Workers' Compensation and Similar Laws**
>
>> To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or similar law.

(Ex. B at FMIC_000088).

27.     Coverage C is subject to an exclusion for expenses for "bodily injury" to any person that are excluded under Coverage A.  The Policy excludes coverage for expenses for "bodily injury":

> **g.     Coverage A Exclusions**
>
>> Excluded under Coverage A.

6

(Ex. B at FMIC_000089).

## OBLIGATIONS OF POWELL'S PRIDE AND/OR RICHARD POWELL UNDER THE ILLINOIS WORKERS COMPENSATION ACT

28. The Illinois Workers Compensation Act ("Act") defines "employer", in relevant part, as:

> **2.** Every person, firm, public or private corporation … who has any person in service or under any contract for hire, express or implied, oral or written, and who is engaged in any of the enterprises or businesses enumerated in Section 3 of this Act ….

*820 ILCS 305/1(a)2.*

29. The Act obligates any one engaged in any business or enterprise referred to in subsections 1 and 2 of Section 3 of the Act to "pay compensation to his own immediate employees in accordance with the provisions of this Act …." *820 ILCS 305/1(a)3.*

30. Section 3 of the Act states that:

> The provisions of this Act hereinafter following shall apply without election to … all employers and all of their employees, engaged in any department of the following enterprises or businesses which are declared to be extra hazardous, namely:
>
> **1.** The erection, maintaining, removing, remodeling, altering or demolishing of any structure.
>
> **2.** Construction, excavating or electrical work….

*820 ILCS 305/3.*

31. The *Maas* Complaint alleges that Powell's Pride and/or Richard Powell employed Brandon Maas for construction and/or demolition work and that Brandon Maas was injured during his construction and/or demolition work.  (Ex. A ¶¶5 and 6).

32.    The *Maas* Complaint alleges facts that, if proven, establish either Powell's Pride or Richard Powell, or both, were an "employer" as defined in the Act at the time of Brandon Maas' injuries.  (Ex. A ¶¶5 and 6).

33.    The *Maas* Complaint alleges facts that, if proven, establish Powell's Pride or Richard Powell, or both, were engaged in construction and/or demolition at the time of Brandon Mass' injuries.  (Ex. A ¶¶5 and 6).

34.    The *Maas* Complaint alleges facts that, if proven, establish that Powell's Pride or Richard Powell, or both, were engaged in an extra hazardous business and, therefore, were subject "without election" to the Act at the time of Brandon Maas' injuries.  (Ex. A ¶¶5 and 6).

35.    The Act defines "employee" as:

>   **2.**  Every person in the service of another under any contract for hire, express or implied, oral or written, including … persons whose employment is principally localized within the State of Illinois … including … minors who, for purposes of this Act … have the same power to contract, receive payments and give quittances therefore, as adult employees.

*820 ILCS 305/1(b)2.*

36.    The *Maas* Complaint alleges facts that, if proven, establish that Brandon Maas was an "employee" as defined in the Act at the time of his injuries.  (Ex. A ¶¶5 and 6).

37.    The Act provides that it is the exclusive remedy of the employee for workplace injuries, as follows:

>   **(a)** No common law or statutory right to recover damages from the employer [or] his insurer … for injury or death sustained by an employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ….

*820 ILCS 305/5(a).*

38.     The *Maas* Complaint alleges facts that, if proven, establish that Powell's Pride or Richard Powell, or both, had an obligation under the Act to pay compensation to Brandon Maas in accordance with the provisions of the Act. (Ex. A ¶¶5 and 6).

### FRANKENMUTH'S DENIAL OF COVERAGE
### TO POWELL'S PRIDE AND RICHARD POWELL

39.     On June 18, 2017, counsel for Powell's Pride and Richard Powell forwarded the *Maas* Complaint to Frankenmuth. (A copy of that letter is attached as Exhibit C).

40.     On July 2, 2018, Frankenmuth denied that it had a duty to defend or indemnify Powell's Pride and/or Richard Powell and asked that they withdraw and/or deactivate any and all claims, demands or requests to Frankenmuth for insurance coverage, defense, and/or claim for defense, indemnity or insurance coverage under the Policy. (A copy of that letter is attached as Exhibit D).

41.     Neither Powell's Pride, Richard Powell, nor their counsel have withdrawn or deactivated coverage, to date.

### COUNT I
### There Is No Coverage for Count I of the *Mass* Complaint
### (Brandon Maas' Personal Injuries/Negligence of Powell's Pride)

42.     Frankenmuth repeats and realleges paragraphs 1 through 41 above as though fully repeated herein as paragraph 42.

43.     Count I of the *Mass* Complaint adopts and incorporates by reference the allegations made in paragraphs 1 through 6 of that Complaint as part and parcel of Count I. Those paragraphs allege, among other things, that:

    a.  Powell's Pride and/or Richard Powell were the owners and/or occupiers of real property at or near 1310 Washington Street in Quincy, Illinois at all relevant times. (Comp. at ¶4).

9

    b. Brandon Maas, a minor, was an employee and/or servant of Powell's Pride and/or Richard Powell doing construction and/or demolition work at or near 1310 Washington Street in Quincy, Illinois at all relevant times. (Comp. at ¶5).

    c. Brandon Maas sustained serious and permanent personal injuries while working at said site when he fell approximately 22 feet through a hole during his construction and/or demolition work. (Comp. at ¶6).

44.    Count I of the *Maas* Complaint alleges that Powell's Pride owed a duty of care to provide Brandon Maas a safe place to work, but negligently disregarded that duty by failing to provide Brandon Maas a safe place to work, failing to provide appropriate safety equipment while Brandon Maas was performing said work, failing to provide proper instruction to Brandon Maas regarding said work, failing to provide adequate supervision and/or assistance to Brandon Maas during said work,  and failing to properly maintain and inspect the work site.  (Comp. at ¶9).

45.    Count I of the *Maas* Complaint further alleges that as a direct and proximate result of Powell's Pride's negligent acts and/or omissions, Brandon Maas fell through a structure approximately 22 feet causing serious injuries to his hand, ribs and body, pain and suffering, disfigurement and disability, loss of earning, diminished ability to enjoy life and an increased risk of future harm. (Comp. at ¶10).

46.    There is no coverage for Count I of the *Maas* Complaint under the Policy's Coverage A because coverage is excluded by Exclusion d. Workers' Compensation and Similar Laws.

47.    There is no coverage for Count I of the *Maas* Complaint under the Policy's Coverage A because coverage is excluded by Exclusion e. Employer's Liability.

48.    As there is no coverage for any of the claims asserted in Count I of the *Maas* Complaint, Frankenmuth has no duty to defend or indemnify Powell's Pride for those claims.

## COUNT II
### There Is No Coverage for Count II of the *Mass* Complaint
### (Plaintiff's Medical Expenses/Negligence of Powell's Pride)

49.     Frankenmuth repeats and realleges paragraphs 1 through 48 above as though fully repeated herein as paragraph 49.

50.     Count II of the *Maas* Complaint alleges that pursuant to the Family Medical Act, 750 ILCS 65/15, Candace Maas individually has incurred medical bills, hospital bills, pharmacy bills, and other related healthcare bills to alleviate the physical problems that Brandon Maas has sustained and may in the future be required to expend additional sums to help alleviate the conditions caused by the accident.  (Comp. at ¶12).

51.     Count II of the *Maas* Complaint further alleges that Candace Maas seeks recovery of the foregoing amounts from Powell's Pride.

52.     There is no coverage for Count II of the *Maas* Complaint under the Policy's Coverage A because coverage is excluded by Exclusion d. Workers' Compensation and Similar Laws.

53.     There is no coverage for Count II of the *Maas* Complaint under the Policy's Coverage A because coverage is excluded by Exclusion e. Employer's Liability.

54.     There is no coverage for Count II of the *Maas* Complaint under the Policy's Coverage C because coverage is excluded by Exclusion b. Hired Person.

55.     There is no coverage for Count II of the *Maas* Complaint under the Policy's Coverage C because coverage is excluded by Exclusion d. Workers' Compensation and Similar Laws.

56.     There is no coverage for Count II of the *Maas* Complaint under the Policy's Coverage C because coverage is excluded by Exclusion g. Coverage A Exclusions.

11

57.     As there is no coverage for any of the claims asserted in Count II of the *Maas* Complaint, Frankenmuth has no duty to defend or indemnify Powell's Pride for those claims.

## COUNT III
### There Is No Coverage for Count III of the *Mass* Complaint
### (Brandon Maas' Personal Injuries/Negligence of Richard Powell)

58.     Frankenmuth repeats and realleges paragraphs 1 through 57 above as though fully repeated herein as paragraph 58.

59.     Count III of the *Mass* Complaint adopts and incorporates by reference the allegations made in paragraphs 1 through 6 of that Complaint as part and parcel of Count III. Those paragraphs allege, among other things, that:

    a.  Powell's Pride and/or Richard Powell were the owners and/or occupiers of real property at or near 1310 Washington Street in Quincy, Illinois at all relevant times. (Comp. at ¶4).

    b.  Brandon Maas, a minor, was an employee and/or servant of Powell's Pride and/or Richard Powell doing construction and/or demolition work at or near 1310 Washington Street in Quincy, Illinois at all relevant times. (Comp. at ¶5).

    c.  Brandon Maas sustained serious and permanent personal injuries while working at said site when he fell approximately 22 feet through a hole during his construction and/or demolition work. (Comp. at ¶6).

60.     Count III of the *Maas* Complaint alleges that Richard Powell owed a duty of care to provide Brandon Maas a safe place to work, but negligently disregarded that duty by failing to provide Brandon Maas a safe place to work, failing to provide appropriate safety equipment while Brandon Maas was performing said work, failing to provide proper instruction to Brandon Maas regarding said work, failing to provide adequate supervision and/or assistance to Brandon Maas during said work and failing to properly maintain and inspect the work site.  (Comp. at ¶15).

61.     Count III of the *Maas* Complaint further alleges that as a direct and proximate result of Richard Powell's negligent acts and/or omissions, Brandon Maas fell through a structure

approximately 22 feet causing serious injuries to his hand, ribs and body, pain and suffering, disfigurement and disability, loss of earning, diminished ability to enjoy life and an increased risk of future harm. (Comp. at ¶16).

62.     There is no coverage for Count III of the *Maas* Complaint under the Policy's Coverage A because coverage is excluded by Exclusion d. Workers' Compensation and Similar Laws.

63.     There is no coverage for Count III of the *Maas* Complaint under the Policy's Coverage A because coverage is excluded by Exclusion e. Employer's Liability.

64.     As there is no coverage for any of the claims asserted in Count III of the *Maas* Complaint, Frankenmuth has no duty to defend or indemnify Richard Powell for those claims.

## COUNT IV
### There Is No Coverage for Count IV of the *Mass* Complaint
### (Plaintiff's Medical Expenses/Negligence of Richard Powell)

65.     Frankenmuth repeats and realleges paragraphs 1 through 64 above as though fully repeated herein as paragraph 65.

66.     Count IV of the *Maas* Complaint alleges that pursuant to the Family Medical Act, 750 ILCS 65/15, Candace Maas individually has incurred medical bills, hospital bills, pharmacy bills, and other related healthcare bills to alleviate the physical problems that Brandon Maas has sustained and may in the future be required to expend additional sums to help alleviate the conditions caused by the accident.  (Comp. at ¶18).

67.     Count IV of the *Maas* Complaint further alleges that Candace Maas seeks recovery of the foregoing amounts from Richard Powell.

68.     There is no coverage for Count IV of the *Maas* Complaint under the Policy's Coverage A because coverage is excluded by Exclusion d. Workers' Compensation and Similar Laws.

69.     There is no coverage for Count IV of the *Maas* Complaint under the Policy's Coverage A because coverage is excluded by Exclusion e. Employer's Liability.

70.     There is no coverage for Count IV of the *Maas* Complaint under the Policy's Coverage C because coverage is excluded by Exclusion b. Hired Person.

71.     There is no coverage for Count IV of the *Maas* Complaint under the Policy's Coverage C because coverage is excluded by Exclusion d. Workers' Compensation and Similar Laws.

72.     There is no coverage for Count IV of the *Maas* Complaint under the Policy's Coverage C because coverage is excluded by Exclusion g. Coverage A Exclusions.

73.     As there is no coverage for any of the claims asserted in Count IV of the *Maas* Complaint, Frankenmuth has no duty to defend or indemnify Richard Powell for those claims.

WHEREFORE, the Plaintiff, FRANKENMUTH MUTUAL INSURANCE COMPANY, requests a judgment pursuant to 28 U.S.C. § 2201 against Defendants declaring the following, and requests a judgment awarding the following relief:

A.     That Frankenmuth has no duty under the Policy to defend, indemnify, or reimburse Powell's Pride with respect to the *Maas* suit;

B.     That Frankenmuth has no duty under the Policy to defend, indemnify, or reimburse Richard Powell with respect to the *Maas* suit; and

C.     For such other relief allowed in law and equity that the Court deems appropriate and just.

Date: August 7, 2018

FRANKENMUTH MUTUAL INSURANCE
COMPANY

By: _____
       One of Its Attorneys

John D. Dalton (ARDC No. 6197108)
Kaufman Dolowich & Voluck, LLP
135 S. LaSalle Street, Suite 2100
Chicago, IL 60603
P: (312) 759-1400
F: (312) 759-0402
jdalton@kdvlaw.com